THE CITY OF MANISTEE v. DAVID S. HARLEY.

*Municipal corporations—Assessment for local improvements—Action at law to recover property-owner's share of expense.*

1. A suit by a city against a property-owner for his share of the expense or value of a public sewer into which his premises are drained, after an assesssment therefor has been set aside as illegal and void, cannot be maintained.

2. The following propositions are summarized from the opinion of Mr. Justice CAMPBELL:

    *a*—It is a principle without exception that where a person is held liable for his special share of a public burden it must be determined by some form of assessment whereby the burden is distributed, on some uniform basis, among the persons or property that ought to contribute.

    *b*—It was held in *Houseman v. Circuit Judge*, 58 Mich. 364, that the determination of such matters was one of those functions of administration which could not be laid upon courts, and that assessments could not be made under any branch of the judicial power.

    *c*—An assessment must of necessity deal with the entire expense, and act upon all persons and property concerned. It cannot be made by separate action for each person, or each

piece of land. Each person's share depends to some extent on the share of every one else, and any attempt at a partial determination would be impracticable.

Error to Manistee. (Judkins, J.) Argued January 10, 1890. Decided January 17, 1890.

*Assumpsit.* Plaintiff brings error. Affirmed. The facts are stated in the opinion.

*Albert Walkley,* for appellant.

*D. S. Harley,* in *pro per.,* for defendant.

CAMPBELL, J. The plaintiff sued defendant under the common counts for his share of the expense or value of a public sewer into which his premises are drained. It appeared that there had been two assessments, which had been set aside by chancery proceedings as absolutely illegal and void. This suit is brought to recover practically the same charges, except that an attempt was made to show by a witness what defendant ought to pay. The court held there could be no recovery.

Plaintiff claims that under the charter of Manistee, although provision is made for re-assessments, yet, if an assessment is invalid, a court may nevertheless determine for itself how much defendant ought to pay. It is a principle without exception that where a person is held liable for his special share of a public burden it must be determined by some form of assessment whereby the burden is distributed, on some uniform basis, among the persons or property that ought to contribute. It was held in *Houseman v. Circuit Judge,* 58 Mich. 364 (25 N. W. Rep. 369), that the determination of such matters was one of those functions of administration which could not be laid upon courts, and that assessments could not be made under any branch of the judicial power. An

assessment must of necessity deal with the entire expense, and act upon all persons and property concerned. It cannot be made by separate action for each person, or each piece of land. Each person's share depends to some extent on the share of every one else, and any attempt at a partial determination would be impracticable.

We can hardly suppose that any such absurdity was meant to be created by the Manistee charter. If it was so intended, it cannot be enforced. The power relied on by plaintiff is found in section 30 of chapter 24.[1] It refers expressly to cases where a suit is brought on an assessment which turns out during the suit to be irregular or informal, in which case the court, on satisfactory proof that expense has been incurred by the city which is a proper charge on defendant, or on the premises, may render judgment for the amount properly chargeable. Whether any case can arise which could be adequately dealt with under that provision, without coming within the objections referred to, we shall not now try to conjecture. In the present case the assessments were annulled by judicial decree not appealed from. This is not a suit on an assessment, but a suit for what defendant is claimed to be bound to pay, as his quota, without any assessment. It does not come within the charter, and it does not conform to any known rule of law.

The judge at the circuit was right in his view of the law; and the judgment should be affirmed, with costs.

The other Justices concurred.

---

[1] See Act No. 48, Local Acts of 1882.