## CITY OF LAGRANGE *v.* TROUP COUNTY.

1. Where an act of the General Assembly gives a general power to municipal authorities to assess against the property abutting on streets improved a specified percentage of the cost of such improvements, providing for the collection of such assessment by a levy and sale of the property assessed, and there is no provision clearly authorizing such assessment against public property, there is an implied exemption of the property of the county from such assessment.
2. The act of the General Assembly approved August 17, 1906 (Acts 1906, p. 119), has no application to this case.

Argued February 6,—Decided April 14, 1909.

Complaint. Before Judge Freeman. Troup superior court. May 23, 1908.

*E. R. Bradfield Jr.,* for plaintiff.

*W. T. Tuggle,* for defendant.

HOLDEN, J. The City of LaGrange, a municipal corporation, brought suit against the County of Troup, alleging that by virtue of the authority conferred upon the city by its charter and ordinances passed in pursuance thereof, it caused to be paved certain streets within the corporate limits of the city abutting on the public square whereon the court-house stood, and that the county is indebted to the city in the sum of $4,448.88 for its pro-rata part of the assessment levied to pay the cost of such improvement. The provisions in the charter under which the paving of the streets was done and the assessment against the county levied give the city

authority to assess against the abutting owners on each side of the street one third of the cost of paving or otherwise improving the street, and create a lien on such property for the amount of such assessment. To the petition special and general demurrers were filed, and to the order of the court sustaining the general, demurrer and dismissing the petition the plaintiff excepted.

1. There is no express provision in the charter of the city that public property shall be subject to the assessment provided for, nor is there any provision in the charter excepting public property from the operation of such assessment. When a city is given authority to assess abutting property for a part of the cost of street improvements, and nothing is said as to whether or not public property is or is not excepted, there is much conflict in the authorities of other jurisdictions as to whether or not such public property can be lawfully assessed for a pro-rata part of the cost of such improvements. 28 Cyc. 1117; 25 A. & E. Enc. Law, 1187; 1 Page and Jones on Taxation by Assessment, §582; Elliott on Roads and Streets, §550. We think the better view is that where general power is given a municipality to levy local assessments upon the property benefited by street improvements, and there is no provision clearly showing that public property shall be subject to such assessment, there is an implied exception in favor of its exemption. The municipality can not assess abutting public property unless the power to levy such assessment is clearly given. This view is supported by many authorities cited in connection with the text employed by the authorities above referred to. While the question may not have heretofore been directly before this court for decision, in the case of *City of Atlanta* v. *First Methodist Church,* 86 *Ga.* 730 (13 S. E. 252, 12 L. R. A. 852), it was recognized in the discussion of the subject found on page 736 et seq., and the view which we entertain as constituting the true rule of law is there expressed by Chief Justice Bleckley. In Elliott on Roads and Streets, §550, the following language is used: . "Public property held for governmental purposes, as a court-house, can not be sold to pay an assessment levied for the improvement of a street unless a sale is expressly authorized by the statute, nor will such property ordinarily be deemed within the general words of a statute delegating, in general terms, the authority to levy local assessments. Statutes conferring a general authority to assess are

usually construed as operating upon property subject to legal process, and not upon property held for governmental purposes by the State or any of the local instrumentalities of government."

In view of the provisions of the act creating a charter for the City of LaGrange (Acts 1901, p. 477), giving power to make assessments against abutting property for street improvements, we think public property is not under such act liable to assessment. The only provision for the collection of such assessment is the sale at public outcry of the property assessed. It is provided in the act referred to that such sale shall vest absolute title in the purchaser, and that the city marshal "shall have authority to eject occupants and to put purchasers in possession." We do not think it was intended that such provisions should apply to the property on which are situated the court-house and jail of the county. If the property on which the court-house and jail are located be subject to such local assessments, to strictly enforce the only provisions of the act providing for the collection thereof would require a levy on and sale of the public property and an eviction of the occupants thereof, and would deprive the county of the instrumentalities by means of which, through its officers, it is enabled to perform the functions of government. To levy upon and sell the court-house and jail would be to allow the municipality to invade the power and authority of the county and seriously interfere with its governmental operations and the administration of justice. We think a power of such far-reaching consequences is not to be inferred from a general act; but to entitle a municipality to its exercise, it would have to be clearly granted by the legislature, if it could be granted at all by it; and we do not think that the charter of LaGrange, giving power generally to assess abutting property for local street improvements, gives it the power to collect from the county any part of the costs of such improvements.

2. It is contended by counsel for the plaintiff in error that the act of 1906 (Acts 1906, p. 119) construed in connection with the act creating a charter for the City of LaGrange, gives the city the power to collect such assessment. We do not think the act of 1906 has any application to a case of this kind. This act gives authority to the Governor, where the State is the owner, to the ordinary or chairman of the board of county commissioners where the county is the owner, and to the mayor where the municipality is the

owner of property fronting on a street in a municipality, to sign an application for such street to be improved; but has no application except "whenever the abutting owners of any street or sidewalk in this State petition to have the same improved." Under the allegations of the petition this act has no application to the case in hand. The court committed no error in sustaining the general demurrer; and the judgment dismissing the petition is

<i>Affirmed. All the Justices concur.</i>