STATE v. BOARD OF EDUCATION OF CITY OF DULUTH.[1]

June 30, 1916.

Nos. 19,795—(193).

**School property — local assessment.**

1. Public school property may, by legislative authority, be subjected to assessment for local city improvements.

[1] Reported in 158 N. W. 635.

Note.—On the general question of liability to local assessments for benefits of property exempt from general taxation, see notes in 35 L.R.A. 33; 18 L.R.A.(N.S.) 451; 32 L.R.A.(N.S.) 303; 44 L.R.A.(N.S.) 57.

**Taxation — statutes inapplicable to public property, when.**

2. As a general rule tax and assessment laws are understood to apply to private, and not to public, property, and though such laws are general in their terms, they do not apply to public property, unless the intent to so apply them affirmatively appears.

**City of Duluth — public school property exempt from local assessment.**

3. Under the Duluth charter the only remedy provided for the enforcement of payment of the assessment is one not applicable to public property. No other remedy can be implied. This fact is strongly indicative of an intent that such property shall not be subject to the assessment, and it is *held* that under the charter public school property is not subject to assessment.

In proceedings in the district court for St. Louis county to enforce payment of taxes on real estate remaining delinquent on the first Monday in January, 1915, the Board of Education of the city of Duluth interposed its separate answer with respect to a certain parcel of land occupied by the Lester Park school. The facts were stipulated. The matter was heard before Cant, J., who found that the land was exempt from taxation and from city assessments and ordered judgment in favor of the board of education canceling certain assessments against the property. From the judgment entered pursuant to the order for judgment, the state (county and city) appealed. Affirmed.

*Charles E. Adams,* County Attorney, *John E. Samuelson* and *Leonard McHugh,* City Attorneys, for appellant.

*Baldwin, Baldwin & Holmes,* for respondent.

HALLAM, J.

The board of education of the city of Duluth is a separate municipal corporation, and as such constitutes an independent school district of the state. It has the ownership and direction of all of the public schools of the city.

The home rule charter of the city of Duluth provides that the city shall have power to make local improvements and "to provide for the payment * * * of the cost of any such improvement by special assessments upon the property specially benefited thereby." Chapter IX, § 60, Charter of 1912. Pursuant to this provision the city constructed a

cement sidewalk on Tioga street in said city in front of lots owned by the board of education, and upon which is situated a school building used for the general purposes of a public school. Thereupon the city proceeded to levy an assesment against the school property to pay the cost of the improvement.

The charter provides that upon nonpayment of an assessment for local improvement the city council shall certify to the county auditor a list of the lands upon which assessments have not been paid, and the amount thereof, and the same "shall be enforced and collected in the manner provided for the enforcement and collection of state and county taxes" (section 70), that is, by application to the district court for judgment that the amount of the tax be "declared a lien upon such parcel of land," and that unless paid said parcel "be sold, as provided by law, to satisfy the amount to which it is liable." G. S. 1913, § 2105.

This assessment was not paid and the amount with penalties was certified to the county auditor and by him included in the published delinquent list, and judgment was asked against the lots for the amount thereof.

1. It is conceded by counsel for the city that the assessment could not be made a lien upon this school property, and that the property could not be sold under judgment of the court. This is an admission that the court could not grant the only relief that is asked, and the case might be disposed of on this ground. We prefer, however, to place this decision on the broader ground, that, under its charter, the city of Duluth has no power to levy an assessment for local improvements upon land of the board of education actually used by it for purposes of a public school.

The Constitution of the state provides that "public school houses * * * and public property used exclusively for any public purpose, shall be exempt from taxation." Const. art. 9, § 1. The statutes of the state contain a like provision. G. S. 1913, § 1970. No claim is made that these provisions exempt this class of property from assessments for local improvements. Nor could such claim be made. Washburn M. O. Asylum v. State, 73 Minn. 343, 76 N. W. 204; State v. Trustees of Macalester College, 87 Minn. 165, 91 N. W. 484. It is conceded that power could be given by charter to render such property subject to local improvement assessments.

2. The sole question in the case is this: Does the general provision

of the charter authorizing special assessments for local improvements upon the property benefited thereby in fact authorize such assessment against property used as a public school?

Counsel for the city contends that since taxation is the rule and exemption the exception, the exclusion, not the inclusion, of property must affirmatively appear, and that the general language of the charter permits no exception to be made even in favor of property devoted to public use, and that, since local improvements benefit school property as well as other property, no reason exists for construing the statute so as to exempt school property from assessments to pay for the benefit thus received.

Counsel for the board of education contends that as a general rule tax laws are understood to apply to private, and not to public, property, and that, though such laws are general in their terms, they should be considered as not applying to public property, unless the intent to so apply them affirmatively appears.

There is force to the arguments on each side, as is evidenced by the fact that there are well considered decisions sustaining each contention. The contention of counsel for the city is sustained by the following authorities: City of Chicago v. Chicago, 207 Ill. 37, 69 N. E. 580; City of Sioux City v. Independent School Dist. of Sioux City, 55 Iowa, 150 7 N. W. 488; Edwards & Walsh Const. Co. v. Jasper County, 117 Iowa, 365, 90 N. W. 1006, 94 Am. St. 301; Board of Commrs. of Franklin County v. City of Ottawa, 49 Kan. 747, 31 Pac. 788, 33 Am. St. 396; In re Police Jury of Parish of Washington, 126 La. 2, 52 South. 172; City of Kalispell v. School Dist. No. 5, 45 Mont. 221, 122 Pac. 742, Ann. Cas. 1913D, 1101; Hassan v. City of Rochester, 67 N. Y. 528; Whittaker v. Deadwood, 23 S. D. 538, 542, 543, 122 N. W. 590, 139 Am. St. 1076; In re Howard Ave. North, 44 Wash. 62, 86 Pac. 1117, 120 Am. St. 973, 12 Ann. Cas. 417. The contention of counsel for the board of education is sustained by more numerous authorities as follows: City of Huntsville v. Madison County, 166 Ala. 389, 52 South. 326, 139 Am. St. 45; Board of Improvement v. School Dist. 56 Ark. 354, 19 S. W. 969, 16 L.R.A. 418, 35 Am. St. 108; Witter v. Mission School Dist. 121 Cal. 350, 53 Pac. 905, 66 Am. St. 33; State v. City of Hartford, 50 Conn. 89, 47 Am. Rep. 622; Edwards v. City of Ocala, 58 Fla. 217, 50 South. 421;

City of Lagrange v. Troup County, 132 Ga. 384, 64 S. E. 267, 16 Ann. Cas. 885; Lowe v. Board of Commrs. of Howard County, 94 Ind. 553; City of Mt. Sterling v. Montgomery County, 152 Ky. 637, 153 S. W. 952, 44 L. R. A. (N.S.) 57; County Commrs. of Baltimore County v. Board of Managers, 62 Md. 127; Worcester County v. Worcester, 116 Mass. 193, 17 Am. Rep. 159; City of Big Rapids v. Board of Supervisors, 99 Mich. 351, 58 N. W. 358; City of St. Louis v. Brown, 155 Mo. 545, 56 S. W. 298; Trustees of Public Schools v. City of Trenton, 30 N. J. Eq. 667; State v. Hotaling, 44 N. J. Law, 347; People v. Board of Assessors, 111 N. Y. 505, 19 N. E. 90, 2 L.R.A. 148; Pittsburg v. Sterrett Subdistrict School, 204 Pa. St. 635, 54 Atl. 463, 61 L.R.A. 183; 4 Dillon, Mun. Corp. (5th ed.) § 1446. The reasoning on which these decisions are based is well stated in Trustees of Public Schools v. City of Trenton, 30 N. J. Eq. 667, 681, as follows:

"The state may, if it sees fit, subject its property, and the property owned by its municipal divisions, to taxation, in common with other property within its territory. But inasmuch as taxation of public property would necessarily involve other taxation for the payment of the taxes so laid, and thus the public would be taxing itself in order to raise money to pay over to itself, the inference of law is that the general language of statutes prescribing the property which shall be taxable, is not applicable to the property of the state or its municipalities. Such property is, therefore, by implication, excluded from the operation of laws imposing taxation, unless there is a clear expression of intent to include it."

The question is an open one in this state, but former decisions indicate a decided leaning in favor of the contention of counsel for the board of education.

In Jordan v. Board of Education of Taylor's Falls, 39 Minn. 298, 39 N. W. 801, it was held that school property should not be held subject to the mechanic lien laws, in the absence of some affirmative intention to that effect; and in Foster v. City of Duluth, 120 Minn. 484, 140 N. W. 129, 48 L.R.A. (N.S.) 707, it was held that property devoted to public use was not within the terms of the tax laws of the state subjecting real property generally to the payment of taxes and rendering it subject to sale therefor.

3. We hold, in accordance with what seems to us the better reason as well as the weight of authority, that general laws subjecting property to the payment of assessments for local improvements do not apply to property devoted to use of the public schools, unless the intent that they so apply is made to affirmatively appear, and that the generality of the language does not in itself make manifest such intent.

Nowhere in this charter does any such intent appear. In fact it seems to us that the intent not to include school property quite clearly appears. The charter provides no remedy for the enforcement of the assessment except by sale of the land assessed. The assessment imposes no personal obligation upon the owner to pay; State v. Dressel, 38 Minn. 90, 93, 35 N. W. 580; Falvey v. Board of Co. Commrs. of Hennepin County, 76 Minn. 257, 260, 79 N. W. 302; State v. Eberhard, 90 Minn. 120, 123, 95 N. W. 1115; and there is no statute which either directly or by implication gives any right to compel the owner to raise the money for that purpose. The remedy provided by the statute is exclusive. Where a statute creates a right, and at the same time provides a specific remedy for its enforcement, no other remedy can be implied. City of Faribault v. Misener, 20 Minn. 347 (396); State Bank of Duluth v. Heney, 40 Minn. 145, 41 N. W. 411; Abel v. City of Minneapolis, 68 Minn. 89, 70 N. W. 851. The charter framers could have hardly been ignorant of this state of the law. It cannot be thought that they intended to provide a right and at the same time deny a remedy. Having provided for the enforcement of the assessment only a remedy which could not apply to school property, it must be inferred that they intended that this class of property should not be subject to assessment, and we hold that under the provisions of the charter it is not.

Judgment affirmed.