DRAINAGE DISTRICT No. 19 OF DUNKLIN COUNTY, Appellant, v. ARCADIA TIMBER COMPANY and HEMPHILL TIMBER COMPANY.

Division One, July 30, 1926.

**ESTOPPEL: Drainage District: Collection of Benefit Assessments.** Estoppel is not available to compel the payment of benefit assessments apportioned to lands belonging to an owner who was not named in the report of the viewers and engineer for the drainage district and was not notified of the proceedings by which benefits were assessed. The defect was jurisdictional, and the landowner did not waive any right by failing to appear or by standing by and seeing the improvements made, but the assessments were void, and estoppel is not available in such circumstances.

---

Corpus Juris-Cyc. References: **Drains;** 19 ᶜ. J., Section 150, p. 679, n. 40, 46; Section 248, p. 736, n. 27, 30. **Estoppel,** 21 C. J., Section 208, p. 1207, n. 40; p. 1208, n. 41, 42, 43.

Appeal from Dunklin Circuit Court.—*Hon. Henry C. Riley,* Judge.

AFFIRMED.

*Jno. McAnally* and *Ward, Reeves & Oliver* for appellant.

(1) The petition states a cause of action against the defendants. State ex rel. Ray v. Arcadia Timber Co., 274 Mo. 670. (2) The equitable principles involved are well recognized, which are to the effect that one who sits by and makes no protest or objection to lasting and permanent improvements while they are being made upon his property, is estopped to deny liability for the value of such improvements. Paving Co. v. Fleming, 251 Mo. 223; State ex rel. Wilson v. Mastin, 103 Mo. 508; Malleable Casting Co. v. Const. Co., 288 Mo. 197; St. Louis Malleable Casting Co. v. Const. Co., 260 U. S. 468, 67 L. Ed. 351; 19 C. J. 678, 736.

*Buder & Buder, A. W. Wenger* and *L. R. Jones* for Arcadia Timber Company.

(1) Appellant's petition does not contain the allegation of sufficient facts to constitute a cause of action against respondent. (a) The proceedings of the drainage district were void as to respondent. State ex rel. v. Arcadia Timber Co., 178 S. W. 95, 204 S. W. 500. (b) Under the facts pleaded it appears upon the face of the petition that no estoppel can be invoked against Arcadia Timber Company. 19 C. J. 736; 21 C. J. 1208; Vose v. Holcomb, 31 Me. 407. (c) It appears upon the face of the petition that if any benefits were acquired by the land in controversy, they were placed upon said lands under a mistake of law, and there can be no recovery therefor. Franke v. City of St. Louis, 249 S. W. 379; City of Denver v. State Inv. Co., 112 Pac. 789, 33 L. R. A. (N. S.) 395. (d) This suit, under the facts alleged in appellant's petition, cannot be sustained. Secs. 5584, 5586, 5589, 5601, R. S. 1909; Rogne v. People, 224 Ill. 449; Manistee v. Harley, 79 Mich. 238; Bogart v. Castor, 87 Ind. 244; Drain. Dist. v. Harris, 267 Mo. 148; Drain. Dist. v. Village of Cerro Gordo, 217 Ill. 488. (e) The theory of appellant's petition is to require and compel payment for alleged improvements already made and when the lands in question are not legally a part of the drainage district, which cannot be done. Levee District v. Railroad, 240 Mo. 614. (f) It appears from the face of the petition that plaintiff's purported cause of action is *res adjudicata.* Lemon v. Garden of Eden Drainage Dist., 275 S. W. 47; Kilpatrick v. Robert, 212 S. W. 886; Donnell v. Wright, 147 Mo. 646. (g) Respondent would have been powerless to have stopped the construction of the ditches. Sec. 5592, R. S. 1909; Barnes v. Construction Co., 257 Mo. 175.

*Smith & Zimmerman* for Hemphill Lumber Company.

(1) There is misjoinder of parties defendant on the face of the petition. The plaintiff seeks a judgment against the defendants for $35,000 and asks that it be declared a lien against the whole tract of land alleged to be benefited, 5768.30 acres, when it specifically pleads that the Hemphill Lumber Company never owned any interest in 400 acres of the land. R. S. 1919, sec. 1226; Johnson v. United Railways, 247 Mo. 356; Norton v. Reed, 253 Mo. 236; Boland v. Ross, 120 Mo. 214; Horstkotte v. Menier, 50 Mo. 158. (a) The Hemphill Lumber Company was not the owner of any of the lands at the date of the institution of this suit and, without the showing of some order of court, could not later be made a party defendant. R. S. 1919, secs. 1919, 1920; Rush v. Met. St. Ry. Co., 157 Mo. App. 505; Elliott v. Met. St. Ry. Co., 157 Mo. App. 523; State v. Cockrell, 217 S. W. 530.

(b) The contract between the Arcadia Timber Company and the Hemphill Lumber Company, as pleaded in plaintiff's petition, cannot inure to the benefit of plaintiff and justify the making of the Hemphill Lumber Company a party defendant. Roddy v. Mo. Pac. Ry. Co., 104 Mo. 234. (2) Plaintiff's petition does not state a cause of action against the defendant Hemphill Lumber Company because: (a) The improvements made by plaintiff, resulting in the alleged benefits to the lands of the Arcadia Timber Company and the lands of the Hemphill Lumber Company, were made under a mistake of law, viz., the conclusion and finding of the county court that such legal notice had been given the Arcadia Timber Company, notifying it of the filing of the final report of the viewers and engineer, as to authorize the court to enter a final judgment, incorporating said lands into Drainage District No. 19, and assessing them with the benefits returned by the viewers and engineers, when, in fact, no such legal notice was ever given, and the owner had never had its day in court. R. S. 1909, sec. 5588; State ex rel. v. Arcadia Timber Co., 178 S. W. 93; Frank v. City of St. Louis, 249 S. W. 379; Couch v. Kansas City, 127 Mo. 438; Needles v. Burk, 81 Mo. 569; Calvert v. Hull, 251 S. W. 414; 30 Cyc. 1313-1315. (b) The relief sought by appellants is in direct conflict with, and in the face of, the statutes of the State of Missouri which prescribe the only lawful method by which lands may be burdened with a lien for benefits for drainage improvements, and is in direct conflict with Section One of Article Fourteen of the Constitution of the United States. U. S. Constitution, sec. 1, art. 14; R. S. 1909, secs. 5584, 5587, 5588, 5589; State ex rel. v. Arcadia Timber Co., 178 S. W. 93; State ex rel. v. Redman, 194 S. W. 260; Embry v. Road District, 257 Mo. 583; Levee Dist. v. Railroad, 240 Mo. 614. (c) A court of equity cannot impose and enforce a lien upon private lands for benefits resulting from drainage improvements voluntarily placed upon such lands contrary to the method prescribed by the statutory law. R. S. 1909, secs. 5584, 5587, 5588, 5589; Mullens v. Kansas City, 268 Mo. 444; Cotter v. Kansas City, 251 Mo. 227; Mun. Sec. Corp. v. Kansas City, 265 Mo. 242; Brown Coal Co. v. City of New Madrid, 208 S. W. 109.

ATWOOD, J.—This is a suit in equity brought by plaintiff drainage district to fix a lien for $35,000 upon nearly 6,000 acres of land in Dunklin County. Plaintiff stood on its third amended petition, which alleges that the drainage district, appellant herein, was duly organized by the county court under Article 4, Chapter 22, Revised Statutes 1899, and the amendment thereof found in the Laws of Missouri of 1905, page 180, for the purpose of constructing and maintaining drainage ditches; that after the organization of said district bonds thereof were issued and sold in the amount of $106,374.45;

that respondent Arcadia Timber Company had large bodies of land situated within the exterior boundary lines of said district; that said district was organized and its ditches were constructed for the purpose of draining and reclaiming all of the lands within its said exterior boundary lines; that said ditches are now constructed on and across the lands of said respondent, and that by reason thereof said lands, which were formerly worthless for agricultural purposes, are now and in the future will be greatly increased in value and usefulness. The petition further recites the fact that through mistake or inadvertence the report of the viewers and engineer showed the Arcadia Realty Company, instead of the Arcadia Timber Company, as the owner of said respondent's lands within the exterior boundaries of said district, and that the Clerk of the Dunklin County Court erroneously directed notice to the Arcadia Realty Company, and that by reason of such error the Arcadia Timber Company refused to pay the assessment of drainage taxes placed against its said lands. The petition then recounts two unsuccessful efforts, prosecuted to this court, to enforce payment of said drainage assessment, and appellant's theory of its present alleged cause of action is indicated in the following paragraph of the petition:

"Plaintiff further states that the aforesaid defendant, and the lands in question, have received many and lasting benefits from the improvements constructed and being constructed and maintained by the plaintiff; that it is now receiving many lasting and permanent benefits from said improvements so constructed, being constructed and maintained at an additional expense to other landowners and taxpayers of said district; all of which facts above recited are and were at the time well known to the aforesaid defendant; that the officers and stockholders of said defendant company have stood by and have seen all of said improvements made, which said improvements so made consist of ditches, drains and watercourses adequate to properly and permanently drain the lands of the district, and now being made, and now see and know that the same are being maintained at additional cost to other landowners of the district, and that they do not now nor have they ever made any protest against the same, and that by reason of such facts said defendant is justly entitled to pay its just proportionate part of the costs of construction and maintenance of the improvements from which it has received so many lasting and permanent benefits to its lands, and from which it, in the future, will receive and is now receiving."

It is further alleged in this amended petition that subsequent to the institution of this suit, to-wit, on or about September 22, 1919, defendant Arcadia Timber Company sold all of the land described in the petition, except about 400 acres, to defendant Hemphill Lumber Company, which sale is evidenced by written contract and deed of

record showing that the former has agreed to hold the latter harmless against any judgment or lien on this land by reason of the improvements done by said drainage district.  Judgment was prayed in the sum of $35,000, and the same was asked to be declared a lien against the lands described in the petition.

The defendants filed separate demurrers stating the following grounds:

''1.   That there is a misjoinder of parties defendant in this cause.

''2.   That plaintiff's petition does not state facts sufficient to constitute a cause of action against this defendant.

''3.   That this court has no jurisdiction of this defendant.

''4.   That plaintiff has no capacity to maintain this action.''

The trial court sustained both demurrers and entered final judgment against plaintiff and in favor of both defendants, from which judgment plaintiff has appealed.

Appellant insists that the petition states a cause of action against defendants, but frankly admits that no authority directly in point can be found in this State.  Appellant does cite some authorities, however, and reading these together with the petition in this case it is plain that appellant seeks to rest its alleged cause of action on the doctrine of estoppel.  One of the citations is 19 Corpus Juris, pages 678 and 736, but the application of the doctrine of estoppel is there expressly limited to ''irregularities'' in drainage proceedings.  On page 679 of 19 Corpus Juris we read: ''So, where the commissioners failed to give notice of the time and place of letting contracts for the work, as required by statute, the landowners, by accepting the benefits of the work, are not estopped to raise the objection upon application for judgment and sale, although they did not proceed in equity to prevent the doing of the work under the contract.''  To the same effect is 19 Corpus Juris, page 736: ''But no estoppel arises, nor does the landowner waive any rights, where the defects are jurisdictional, and the acts of the officer in levying the assessment are not merely voidable, but void.''  Again, the rule as to estoppel is thus enunciated in 21 Corpus Juris, pages 1207-8:

''In order to create an estoppel by the acceptance of benefits, it is essential that the party against whom the estoppel is claimed should have acted with knowledge of his rights, also that the party claiming the estoppel was without knowledge or means of knowledge of the facts on which he bases his claim of estoppel, that he was uninfluenced by and relied on the conduct of the person sought to be estopped, and that he changed his position in reliance thereon to his injury.''

The amended petition upon which plaintiff stood discloses a jurisdictional defect in the failure of the Clerk of the Dunklin County Court to direct notice to the ''Arcadia Timber Company,'' and in

State ex rel v. Arcadia Timber Company, 178 S. W. l. c. 95 (not officially reported), this court held the defect fatal under Section 5587, Revised Statutes 1909, which required that the notice therein provided should be directed "by name, to every person returned by the engineer and viewers as the owners of every lot or parcel of land affected by the proposed improvement or any interest therein; and also by name, to all others whom [sic] it may in any manner be ascertained own such land, or any part thereof, or any interest therein, and also generally to all other persons, without mentioning their names, who may own such land."

The following language of the court in Manistee v. Harley, 79 Mich. 238, is clearly applicable in the instant case:

"After the sewer assessment has been set aside as illegal and void, the city is not entitled to recover *in assumpsit* from a property owner such amount as the court may determine that he ought to pay, since the special share of a public burden which each person ought to contribute must be determined by some form of assessment on a uniform basis."

The amended petition upon which the cause was submitted obviously failed to state a cause of action, and the trial court properly sustained the demurrers. Ruling thus, it becomes unnecessary to review other defects suggested.

Judgment affirmed. All concur, except *Graves, J.,* absent.