# HILMA A. NEEFUS v. RALPH L. NEEFUS AND OTHERS.[1]

March 7, 1941.

No. 32,672.

*Arthur A. Logefeil,* for appellant Fred Hartwig.

*Samuel A. Warren,* for appellant Jack McCormick.

*Arthur G. Hallgrain,* for respondent.

[1]Reported in 296 N. W. 579.

PETERSON, JUSTICE.

This is an action for breach of a defendant's redelivery bond in a replevin action. The sureties appeal from an order striking their answers as sham and frivolous.

In the replevin action plaintiff sued the defendant Ralph L. Neefus to recover possession of certain personal property. The latter was permitted to retain the physical custody of the property under a receipt which he gave the sheriff. Then he gave a redelivery bond with the defendants Hartwig and McCormick as sureties. The bond is in the penal sum of $1,500 and is conditioned for the delivery of the replevied property to the plaintiff if a delivery was adjudged and to pay to plaintiff such sum as for any cause might be recovered against the defendant.

The plaintiff recovered a judgment in the replevin action in the alternative for the recovery of possession of the property or in case such possession could not be had for the sum of $412.50 and for $53.06 costs and disbursements. Execution was issued and returned showing a levy on part of the property on which $17.50 was realized, from which $5.70 additional costs were deducted as the costs of the execution. The judgment was satisfied to the extent of $11.80. After the execution, there was $453.76 due plaintiff on the judgment. For this sum she sues on the bond.

The sureties interposed identical answers alleging that their signatures were procured by the fraud of the plaintiff and her agents. The basis of this charge was that there was a false representation, that the only obligation under the bond was that the property should remain on the premises of the defendant in the replevin action and not be disposed of in any manner pending the action.

Plaintiff moved to strike the answers as sham and frivolous. In support of her motion, she filed an affidavit that the only person who was authorized to represent her in connection with the replevin action was her attorney, and that neither she nor her attorney had anything to do with procuring the redelivery bond.

In opposition, each of the defendants filed an affidavit. The defendant Neefus, who was also the defendant in the replevin action and the principal named in the redelivery bond, stated that he made the representation in question to the sureties. The defendant Hartwig stated in his affidavit that the defendant Neefus made the representation to him and admitted that he never had any dealings with the plaintiff or her attorney. He also stated that the other surety, McCormick, was present at the time the representations were made. The defendant McCormick stated that the representations were made by the deputy sheriff who made the levy and by plaintiff's attorney. No attempt was made by McCormick to sustain his allegation that plaintiff had made such representation to him. He did not state the time, place, and circumstances of the representations alleged to have been made by the deputy sheriff or plaintiff's attorney.

Plaintiff filed counter affidavits of the deputy sheriff and her attorney, who stated that they had nothing to do with procuring the bond and that they did not know and had never seen the sureties thereon prior to its execution. The attorney said that he did not know and had never met nor seen the defendant Hartwig, and that the first time he ever saw the defendant McCormick was when he appeared as a witness for the defendant at the trial of the replevin action.

The defendants filed no counter affidavits.

■ A sham or frivolous answer may be stricken on motion and judgment rendered notwithstanding the same as for want of an answer. 2 Mason Minn. St. 1927, § 9259. An answer is frivolous which appears from a bare inspection to be lacking in legal sufficiency and which in any view of the facts pleaded does not present a defense. A sham answer is one which is sufficient on its face but which is false in fact. Hasse v. Victoria Coöp. Creamery Assn. 208 Minn. 457, 294 N. W. 475.

The falsity of a pleading may be shown by affidavit. Where the falsity of the facts pleaded is established by a clear and unequivocal showing, the failure of the opposing parties to answer

and contradict the showing must be taken as admitting its truth. Where the allegations of fact in a pleading are shown to be false, the pleading should be stricken as sham. Independent School Dist. v. City of White Bear Lake, 208 Minn. 29, 292 N. W. 777.

■ The allegations in Hartwig's answer that the representations concerning the obligation of the redelivery bond were made by plaintiff and her agents were shown to be false by the admissions in his own affidavit. The case stood as to him as one where the principal in the bond had made a misrepresentation to induce him to sign it. The fraud of the principal in a bond inducing the surety to execute it is not a defense in an action by the obligee against the surety on the bond. National Surety Co. v. Becklund, 169 Minn. 177, 210 N. W. 882. See Schlozer v. Heckeroth, 174 Minn. 525, 219 N. W. 921.

Under the circumstances, Hartwig's answer presented no defense.

■ The allegation in McCormick's answer that he was induced to sign the bond by the false representation of the deputy sheriff and plaintiff's attorney was shown to be false. True, he made the bald and unsupported statement that they made the false representation. The deputy sheriff and the attorney denied that they made the representation and supported their denials by explicit statement of time, place, circumstance, and other facts surrounding the transaction which showed *prima facie,* at least, that McCormick's statement was false. Under the circumstances, it was incumbent on him to answer and contradict the showing. By failing to do so, he must be taken to have admitted its truth. Independent School Dist. v. City of White Bear Lake, 208 Minn. 29, 32, 292 N. W. 777. With the alleged representation by the deputy sheriff and the attorney out of the case, McCormick's case also stood as one where the principal in the bond had made a misrepresentation to induce the surety to sign. His answer, therefore, did not state any defense for the same reasons that Hartwig's did not, and it should have been stricken for the same reasons.

Since it is not necessary to pass on the question whether or not the answers are also frivolous, we express no opinion with respect to that question.

Affirmed.