## WILLIAM HENRY *vs.* WILLIAM HINMAN.

### March 27, 1875.

**Promissory Note—Denial of Execution.**—In a suit upon a promissory note, the answer denied that defendant "ever, at any time or place, made, executed and delivered the promissory note mentioned and described in said plaintiff's complaint, and says that the said promissory note, so mentioned and described in said complaint, was obtained from this defendant, by one W. O., for no consideration whatever, and at a time when he was so intoxicated, and under the influence of liquor, and thereby so deprived of the use of his reason, as to be unable to understand or know what he was doing." *Held,* not to be a denial of the execution, in fact, of the note.

**Error without Prejudice.**—Error which does not prejudice a party should be disregarded.

**Presumption in favor of Verdict, where Case does not include all the Evidence.**—Unless a "case" or the certificate of allowance shows that it contains all the evidence on an issue as to which it is objected that the evidence is not sufficient to sustain the verdict, the court will presume that there was other evidence sufficient to justify the finding.

Appeal by plaintiff from an order of the district court for Scott county, *Chatfield,* J. presiding, granting a new trial.

*John L. Macdonald,* for appellant.

*R. A. Irwin,* for respondent.

GILFILLAN, C. J. In this case, after a verdict, a new trial was granted by the court below, on two grounds: *First.* That the court should have excluded a note offered by plaintiff, because of a variance between the note described in the complaint, and the one offered on the trial. As to the note, the defendant, in his answer, " denies that he ever, at any time or place, made, executed and delivered the promissory note mentioned and described in said plaintiff's complaint, and says that the said promissory note, so mentioned and described in said complaint, was obtained from this defendant by one William O'Mara, for no consideration whatever, and at a time when this defendant was so intoxicated, and under the influence of liquor, and thereby so deprived of his reason, as to be unable to understand or know what he was doing." This is not a denial of the execution, in fact, of the note, but only of its validity. It was

not necessary, therefore, for plaintiff to prove the note, and its introduction could not prejudice defendant, as the note introduced called for less than was admitted by the answer. The alleged variance related only to interest. The error in admitting the note, if it was error, should be disregarded.

The second ground for granting the new trial was that the evidence does not support the verdict. The motion for the new trial was made upon a " case " settled. The " case " nowhere states that it contains all the evidence given to the jury, and the certificate of the judge to the " case " does not show it. Unless a " case," either in the body of it, or the certificate of allowance, shows the whole of the evidence on the issue as to which it is objected that the evidence is not sufficient to sustain the verdict, the court will presume that there was other evidence sufficient to justify the finding.

The order granting a new trial is reversed.