### St. Paul Harvester Works vs. Edward Langin.

#### March 29, 1877.

Presumption in Favor of Verdict.—On a motion to set aside a verdict as against evidence, unless the case, as settled, discloses all the evidence relating to the issue as to which the insufficiency is objected, it will be presumed, in support of the verdict, that other and sufficient evidence was given. *Henry* v. *Hinman*, 21 Minn. 378, followed.

Appeal by defendant from an order of the court of common pleas of Ramsey county, entered pursuant to a decision of *Simons*, J., granting a new trial.

*S. L. Pierce*, for appellant.

*E. S. Chittenden*, for respondent.

Cornell, J. In *Henry* v. *Hinman*, 21 Minn. 378, an order of the district court, granting a new trial on the ground that the evidence did not support the verdict, was reversed by this court because it did not appear from the case as settled, nor the certificate of the judge in allowing it, that it contained all the evidence which was given to the jury. The rule governing the court in such cases is there laid down in the following language: "Unless the case, either in the body of it or in the certificate of allowance, shows the whole of the evidence on the issue as to which it is objected that the evidence is not sufficient to sustain the verdict, the court will presume that there was other evidence sufficient to justify the finding."

Although fully agreeing with the views expressed by the court below in the opinion it gave upon the decision of the motion for a new trial, predicated upon the assumption that the testimony of witnesses Ferguson and Curtis was uncontradicted and unimpeached, and comprised all the evidence bearing upon that branch of the issue to which it related, yet, as we must look alone to the case as settled, and not to the opinion, for the purpose of ascertaining what the testimony was, in determining the question whether or not the verdict should be set aside as against the evidence, the doctrine of *stare decisis* compels a reversal of its order herein.

Order reversed.