JOHN GAFFNEY *vs.* ST. PAUL, MINNEAPOLIS & MANITOBA RAILWAY
COMPANY.

January 4, 1888.

**Pleading—Denial Controlled by Admission.**—The admissions in a reply
*held* to control a denial therein, and thus to confess the defence interposed
by a supplemental answer.

**Same—Reply.**—*Held, further*, that said reply failed to avoid the defensive
matter, and that, upon the pleadings, defendant was entitled to judgment.

Appeal by plaintiff from a judgment of the district court for Hen-
nepin county, where defendant's motion for judgment upon the plead-
ings was granted by *Young*, J.

*Welch, Botkin & Welch*, for appellant.

*Benton & Roberts*, for respondent.

COLLINS, J.   The plaintiff appeals from a judgment of the district
court for Hennepin county, made and entered pursuant to an order
granting defendant's motion for judgment upon the pleadings.   After
the issues in the action were fully made, the defendant, by leave of
court, served a supplemental answer, setting forth, among other things,
that upon a certain day (subsequent to the service of the last pleading)
it had settled and adjusted with plaintiff all claims involved in this
litigation, had paid him a certain sum of money therefor, and that said
plaintiff had made, executed, and delivered his receipt in full settle-
ment of the action.   To this plaintiff replied, denying a settlement
and adjustment of "all his claim" against defendant, and averring
that, "save and except in the manner and under the circumstances
herein set forth," he had not executed and delivered his receipt for the
sum named, in full settlement of the action.   Further replying, the
plaintiff sets forth at length the circumstances under which he made
the settlement, received the sum of money specified, and executed and
delivered the receipt mentioned in the supplemental answer, evidently
attempting to plead fraud and deceit on the part of defendant in pro-
curing such alleged settlement, and in obtaining said receipt.   If we
can treat the first part of this reply as a denial,—and that is doubtful,

because of its peculiar phraseology,—the subsequent admission con-
trols and determines the real issue. *Derby* v. *Gallup*, 5 Minn. 85,.
(119.)   See, also, *Henry* v. *Hinman*, 21 Minn. 378.   The plea is con-
fession and an effort to avoid, wherein it fails ; for nearly all elements
essential in pleading fraud and deceit are omitted, while some of the
allegations in the reply are inconsistent with such a defence to de-
fendant's averments of settlement and receipting.   It is well settled
that all matters in confession and avoidance must be affirmatively
and specially pleaded.   *Livingston* v. *Ives*, 35 Minn. 55, (27 N. W.
Rep. 74.)   And where a plea confesses, but does not sufficiently avoid,
judgment must be given upon the confession, even after verdict.
*Lough* v. *Bragg*, 18 Minn. 106, (121.)

Judgment affirmed.