## ROBERT WILLGOHS v. WALTER BUERMAN.

115 N. W. (2d) 59.

April 27, 1962—No. 38,422.

*Russell & Willenbring,* for appellant.
*Atwood & Fletcher* and *Willard P. Lorette,* for respondent.

FRANK T. GALLAGHER, JUSTICE.

Appeal from an order of the district court denying defendant's alternative motion for judgment notwithstanding the verdict or for a new trial.

Plaintiff is a distributor of semen used for artificial breeding of dairy and beef cattle. On May 21, 1959, he entered into a contract with defendant, whereby the latter was given the exclusive right to be plaintiff's "technician" in the township of Munson and portions of several other townships in Stearns County. The contract provided that plaintiff was to sell, and that defendant was to purchase from plaintiff, all semen required and used by defendant during the term of the contract. While the price of the semen between the parties was to be "such as the distributor may fix from time to time in writing," the contract also set a "present price." Defendant was to "vigorously promote the sale of semen distributed by the distributor," but he was to have "no authority to act as an agent for the distributor for any purpose whatsoever."

The contract contained the following provision as to duration:

"This agreement shall continue in force indefinitely from the date hereof unless the technician fails to comply with any of the provisions of this agreement, whereupon the distributor shall have the right to cancel said agreement forthwith, by notice thereof in writing to the technician, and the technician agrees in the event of cancellation either not to directly or indirectly engage in the business of artificial insemination of cattle in the territories or counties under contract or agreement to the Distributor from his Supplier in the states of Minnesota and South Dakota, or the exchange of territories with other technicians under agreement with the distributor, for a period of two years from the date of such termination, or to forthwith pay to the distributor the sum of $1,000.00, not as a penalty, but as a liquidation damage for the breach of this agreement."

The contract was performed by the parties with no changes for approximately 5 months. In September 1959, defendant notified plaintiff that he was discontinuing work under the agreement in 30 days. Following that period, he started work for a competitor of plaintiff, selling semen and servicing cattle in a territory which included approximately one-half of his former territory in Stearns County. In fact, defendant admitted that he "had in mind" going to work for plaintiff's competitor even before he gave the 30-day notice. Plaintiff brought suit against the defendant for $1,000 as liquidated damages for breach of the agreement. The defendant based his defense on the ground that the contract was invalid and the $1,000 sued for was a penalty rather than liquidated damages.

The case was tried before a jury. After the close of plaintiff's testimony, defendant moved for a directed verdict on the ground that the contract, lacking mutuality of obligation, was unenforcible. The motion was renewed at the close of all the evidence, but the court denied it both times. The court also denied defendant's requested instructions concerning mutuality of obligations of the contract.

After the jury returned a verdict in favor of plaintiff, defendant moved for judgment notwithstanding the verdict or in the alternative for a new trial, which motion was denied. In a memorandum made a

part of its order the trial court stated that upon the evidence submitted the jury found that the $1,000 mentioned in the contract was liquidated damages and that the plaintiff was therefore entitled to recover that amount.

Defendant assigns the following errors:

(1) The court erred in failure to direct a verdict in favor of defendant on the ground that the contract lacks mutuality of obligation in that the price was not stated with certainty and provision was made for cancellation on the part of the distributor but no provision was made for cancellation on the part of the technician.

(2) The court erred in failure to hold that the contract was terminable at the will of either party.

(3) The court erred in refusing to give defendant's requested instructions concerning mutuality.

We have examined these assignments of error and it is our opinion that under the record here no reversible error exists. Rather it appears to us that a valid contract was established in which defendant agreed that in the event of cancellation he would not directly or indirectly engage in the business of artificial insemination of cattle in the territories referred to in the contract for a period of 2 years from the date of such termination and that if he did, he would pay plaintiff $1,000, "not as a penalty, but as a liquidation damage for breach of the agreement."

It must be remembered that the contract was performed by the parties for about the first 5 months without any price or other changes. After that time it was defendant who gave notice that he was terminating the contract, even though he claims that the contract lacked mutuality because it provided for cancellation by plaintiff only.

It is clear that defendant breached the restrictive covenant in the contract by engaging in active and direct competition with plaintiff, and the court so instructed the jury. That being the case, the jury could well determine that defendant should pay plaintiff the amount he had agreed to pay as liquidated damages in such an event.

The rule is well settled that a contract provision for liquidated dam-

ages can be enforced without proving actual damages as long as the amount stated is reasonable. 5 Dunnell, Dig. (3 ed.) § 2537.

In the instant case the record satisfies us that the amount of liquidated damages provided for in the agreement was not so unreasonable as to justify our declaring it invalid. There is testimony that plaintiff expended between $500 and $600 in training defendant as a technician, and some $250 more in locating a replacement for defendant. In addition, plaintiff testified that a purpose of the liquidated damage clause was to cover loss of business in case defendant should enter into competition with plaintiff in the same area. The trial judge's charge to the jury correctly stated the law on this subject, and the jury found $1,000 to be reasonable liquidated damages.

In connection with the argument of the defendant that the contract lacked mutuality, it is our opinion under the facts and circumstances here that there was sufficient mutuality to support a suit for liquidated damages and the contract was binding at least to that extent upon the defendant.

Affirmed.