DEAN VAN HORN CONSULTING
ASSOCIATES, INC., Appellant,

v.

Charles L. WOLD, et al., Respondents.

No. C5–86–749.

Court of Appeals of Minnesota.

Nov. 4, 1986.

Clifford G. Nelson, Joseph F. Schmidt, Nelson & Volstad, Minneapolis, for appellant.

John M. Hargens, Hargens & Sjoholm, P.A., Minneapolis, for respondents.

Considered and decided by NIERENGARTEN, P. J., and WOZNIAK and SEDGWICK, JJ., with oral argument waived.

## OPINION

WOZNIAK, Judge.

On appellant Dean Van Horn Consulting Associates, Inc.'s action to recover damages resulting from respondent Wold's breach of a restrictive covenant, Dean Van Horn appeals for the second time based upon the trial court's alleged error in hearing evidence on remand regarding the reasonableness of the restrictive covenant and the liquidated damages clause. The trial court found the liquidated damages clause was reasonable, but found the restrictive covenant clause was overbroad, modifying the duration of the restrictive covenant clause from three years to one year. Dean Van Horn appeals. We affirm.

## FACTS

In May of 1974, appellant Dean Van Horn Consulting Associates, Inc. hired respondent Charles Wold, then a college senior, to prepare tax returns and advise clients on tax and accounting matters. On June 11, 1975, Wold and Dean Van Horn, the president of Dean Van Horn Consulting Associates, signed an employment contract.

Section 13 of the employment agreement contained a restrictive covenant precluding Wold from soliciting or lending similar services to any customer he advised during his employment with Dean Van Horn. Section 14 of the employment contract contained a liquidated damages clause providing that, upon Wold's breach of the restrictive covenant, Dean Van Horn would be entitled to damages of 50% of Wold's billing to any client of Dean Van Horn for the first year, 30% for the second year, and 20% for the third year.

After working for Dean Van Horn for about 4½ years, Wold submitted his resignation on January 22, 1980 and terminated his employment on February 28, 1980. When Wold left Dean Van Horn's employment, it owed him $1,296.68 in unpaid commissions.

Dean Van Horn personally took over the work previously performed by Wold and did not hire a new consultant. Dean Van Horn informed the clients with whom Wold had been working that Wold was leaving the company.

On January 20, 1980, Wold formed a corporation called Professional Consulting Group, Inc. (PCG). Wold became a consultant for PCG and advised former clients of Dean Van Horn.

Dean Van Horn instituted suit against Wold and PCG alleging breach of restrictive covenant and requesting damages in accordance with the liquidated damages clause of the employment contract. Wold counterclaimed, requesting payment of commissions earned and other expenses incurred during his employment at Dean Van Horn.

At the close of plaintiff's case, the trial court dismissed Dean Van Horn's claim against both defendants, stating Dean Van Horn was unable to prove actual damages against Wold, and that PCG was not a party to the employment contract. The trial court also denied Wold's counterclaim.

Both Dean Van Horn and Wold appealed.

On April 25, 1985, this court reversed the trial court in *Dean Van Horn Consulting Associates v. Wold*, 367 N.W.2d 556 (Minn. Ct.App.1985). With respect to Dean Van Horn's claim, this court held the trial court erred when it ruled that liquidated damages are allowed only when damages are not speculative and further held plaintiff need not prove actual damages. With regard to the liquidated damages and restrictive covenant, this court stated:

> The contract here clearly contains a liquidated damages clause which will be applied since it is reasonable. Although restrictive covenants should generally be strictly construed, they will be enforced to the extent they are reasonable. * * * This restrictive covenant and the liquidated damages clause were reasonably intended to protect Van Horn from loss of clients and profits. They will be applied.

*Id.* at 560 (citation omitted).

With respect to Wold's counterclaim, this court stated "[o]n remand, respondent will have an opportunity to present evidence on this counterclaim." *Id.* at 561.

This court did not remand with specific directions as to the judgment to be entered or the remaining issues to be tried. The decision states: "[t]he court erred by directing a verdict for Wold. We reverse and remand for trial." *Id.*

After remand, the trial court ordered both Dean Van Horn and Wold to try the issues of the reasonableness of the restrictive covenant and the liquidated damages clause. The trial court concluded:

> There was not adequate consideration to support the restrictive covenant as contained in Section 13 of the employment contract between plaintiff and defendant Wold. Rather this Court concludes that one year would be proper duration for the restrictive covenant to be in effect.

The trial court's memorandum, attached to the findings and conclusions quoted above, conflicts with the conclusions. The trial court's memorandum states that Wold's valuable training and employment constituted adequate consideration for the restrictive covenant, but that under the *Davies* standard the scope of the restrictive covenant was overbroad. Dean Van Horn appeals.

## ISSUES

1. Did the trial court err by hearing evidence regarding the reasonableness of the liquidated damages clause on remand?

2. Did the trial court err by hearing evidence regarding the reasonableness of the restrictive covenant on remand?

3. Did the trial court err in applying the blue pencil doctrine to the employment contract and reducing the duration of the restrictive covenant to a one-year period?

## ANALYSIS

■ 1. The trial court did not err in hearing evidence regarding the reasonableness of the liquidated damages clause. Although a liquidated damages clause is prima facie valid, the trial court may hear evidence regarding the reasonableness of the liquidated damages clause. In *Gorco Construction Co. v. Stein*, 256 Minn. 476, 481, 99 N.W.2d 69, 74 (1959), the Minnesota Supreme Court stated:

> The modern trend is to look with candor, if not with favor, upon a contract provision for liquidated damages when entered into deliberately between parties who have equality of opportunity for understanding and insisting upon their rights, since an amicable adjustment in advance of difficult issues saves the time of courts, juries, parties, and witnesses and reduces the delay, uncertainty, and expense of litigation. *Accordingly this court has long regarded provisions for liquidated damages as prima facie val-*

*id on the assumption that the parties in naming a liquidated sum intended it to be a fair compensation for an injury caused by a breach of contract and not a penalty for nonperformance.* Id. at 74 (emphasis added) (footnotes omitted).

Van Horn argues that, regardless of the standard on the trial court's initial review, this court's statement in the first appeal that "[t]he liquidated damages clause [was] reasonably intended to protect Van Horn" and would "be applied" precluded the trial court from taking evidence on that issue. *Dean Van Horn,* 367 N.W.2d at 560.

This court's language in the first appeal is relevant to the subsequent district court proceedings only to the extent it established the "law of the case." The doctrine of law of the case provides:

Where a question of law is decided on appeal, it becomes the law of the case, which the trial court is bound to follow on a new trial and the appellate court will not re-examine on a subsequent appeal.

*State v. Prickett,* 221 Minn. 179, 182, 21 N.W.2d 474, 475 (1946); *In Re Estate of Boysen,* 351 N.W.2d 398, 400 (Minn.Ct.App. 1984).

At the first trial, only Dean Van Horn was allowed to make a record establishing the reasonableness of the liquidated damages clause. The dismissal occurred before Wold was allowed to make a record in an attempt to overcome the prima facie validity of the clause. Both parties must have an opportunity to make a record because liquidated damages clauses must be considered in light of all the circumstances. *See Meuwissen v. H.E. Westerman Lumber Co.,* 218 Minn. 477, 483, 16 N.W.2d 546, 549 (1944) (citing *Schutt Realty v. Mullowney,* 215 Minn. 340, 346, 10 N.W.2d 273, 276 (1943)). That the parties have desig-

nated the sum to be paid as liquidated damages is not controlling or conclusive. *Id.* Therefore, this court's language in the prior appeal did not constitute the law of the case, and the trial court's taking of evidence regarding the liquidated damages was proper.

2. Van Horn argues the trial court erred in hearing evidence regarding the reasonableness of the restrictive covenant. It also bases this argument on the court's language in the first appeal, that this restrictive covenant was "reasonably intended to protect Van Horn from loss of clients and profits and will be applied." *Dean Van Horn,* 367 N.W.2d at 560.

This statement does not establish the law of the case because the reasonableness of a restrictive covenant clause is a question of fact. As with the liquidated damages clause, the only record was of Dean Van Horn's case, which sought to establish the reasonableness of the covenant. The dismissal occurred before Wold was allowed to make a record of the unreasonableness of the restrictive covenant clause. Given the new facts in the case presented on trial after remand, this court's statement regarding the reasonableness of the contract cannot be binding on the trial court. Accordingly, the trial court did not err by hearing evidence regarding the reasonableness of the restrictive covenant.

3. After determining the trial court correctly heard evidence on the reasonableness of the restrictive covenant, the issue is whether the trial court was clearly erroneous in modifying the restrictive covenant based upon overbreadth.[1]

In Minnesota, the reasonableness of the duration of a restrictive covenant may be tested under two alternative standards:

---

1. In the Conclusions of Law, the trial court based its modification of the restrictive covenant on lack of consideration. The trial court correctly noted in its attached memorandum that "[p]laintiff provided valuable training and employment to defendant Wold which is ade-

quate consideration for a covenant under the Davies standards." Trial Court Memorandum (citing *Davies & Davies Agency, Inc. v. Davies,* 298 N.W.2d 127 (Minn.1980)). Overbreadth, the sounder justification for modification, is therefore discussed above.

(1) the length necessary to obliterate the identification between employer and employee in the minds of the employer's customers, and (2) the length of time necessary for an employee's replacement to obtain licenses and learn the fundamentals of the business. *Davies & Davies Agency, Inc. v. Davies*, 298 N.W.2d 127, 131 (Minn. 1980). The trial court applied those standards in this case.

■ The record on remand establishes that Dean Van Horn corresponded to each of the clients previously counseled by Wold, thus alerting the clients of the obliteration of the relationship between Wold and Dean Van Horn. With regard to the second *Davies* standard, the record indicates that Wold's training period was about one year. If Dean Van Horn had chosen to hire a replacement, which it did not, one year would have been a reasonable time for the restrictive covenant under the second *Davies* standard. The trial court was not clearly erroneous in finding the restriction overbroad.

■ After finding the restriction was overbroad, the trial court modified the restrictive covenant from a three-year period to a one-year period. Under the blue pencil doctrine as it has developed in Minnesota, a court can take an overly broad restriction and enforce it only to the extent that it is reasonable. *Klick v. Crosstown State Bank of Ham Lake*, 372 N.W.2d 85, 88 (Minn.Ct.App.1985). The trial court's modification of the restrictive covenant was not clearly erroneous.

## DECISION

The trial court correctly heard evidence on the reasonableness of the liquidated damages clause and the restrictive covenant. The trial court was not clearly erroneous in holding the restrictive covenant was overbroad and accordingly modifying the covenant to a one-year period.

Affirmed.