*This opinion is nonprecedential except as provided by Minn. R. Civ. App. P. 136.01, subd. 1(c).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A23-1404**

Capital Construction, LLC,
Respondent,

vs.

Nicholas Hanzlik, et al.,
Appellants.

**Filed May 20, 2024
Reversed and remanded
Harris, Judge**

Anoka County District Court
File No. 02-CV-21-674

Mary L. Hahn, Katherine R. Wagner, Hvistendahl, Moersch, Dorsey & Hahn, P.A., Northfield, Minnesota (for respondent)

Jason T. Dzurik, Dzurik, LLC, Minneapolis, Minnesota (for appellants)

Considered and decided by Worke, Presiding Judge; Schmidt, Judge; and Harris, Judge.

**NONPRECEDENTIAL OPINION**

**HARRIS**, Judge

In this appeal from judgment following a bench trial on a breach-of-contract claim related to the parties' storm-damage repair contract, appellants assert the district court erred by improperly placing the burden on appellants to introduce affirmative evidence to demonstrate that the liquidated-damages clause was unenforceable. Because we agree the

district court erred in this respect, we reverse and remand for the district court to apply the correct evidentiary burden.

## FACTS

In June 2017, appellants Nicholas and Alyssa Hanzlik (the homeowners) suffered storm damage to their residence. In April 2018, the homeowners contracted with respondent Capital Construction (Capital) to complete the repair and replacement work specified by the homeowners insurance company's estimate. Capital assisted the homeowners with negotiating their insurance claim, resulting in an appraisal award of $31,709.37 for window repairs.

The contract between the homeowners and Capital contained a liquidated-damages clause which, in relevant part, states:

> if owner cancels or refuses to perform . . . before commencement of work . . . Contractor may retain 25% of the total RCV [Replacement Cost Value] amount of the work authorized by Owner's insurance company as a reasonable amount [of] money for the time Contractor invested in the performance of this Agreement.

In June 2020, the homeowners cancelled the contract before Capital commenced physical work on the windows.

In February 2021, Capital filed suit against the homeowners seeking (1) judgment based on breach of contract, or declaratory judgment, in the amount of $7,927.34; (2) an award of Capital's attorney fees and costs, pursuant to the terms of the parties' agreement; (3) an award of prejudgment and post-judgment interest; and (4) for such further relief as the court deems necessary.

2

In April 2023, the district court held a bench trial at which Capital sought to enforce the liquidated-damages clause. The homeowners argued the liquidated-damages clause was unenforceable. The district court concluded that Capital succeeded on its breach-of-contract claim and that the liquidated-damages clause was enforceable. The district court ordered a declaratory judgment in favor of Capital in the amount of $7,827.34 in liquidated damages and $13,119.25 in attorney fees and costs. No posttrial motions were filed. This appeal follows.

**DECISION**

We review enforceability of a liquidated-damages clause de novo. *Lagoon Partners, LLC v. Silver Cinemas Acquisition Co.*, 999 N.W.2d 113, 120 (Minn. App. 2023), *rev. denied* (Minn. Mar. 19, 2024). When determining whether a liquidated-damages clause is enforceable, "we first ask whether [the non-breaching party's] actual damages resulting from [the breaching party's breach of the contract] are 'incapable or very difficult of accurate estimation.'" *Id.* at 119-20 (quoting *Gorco Constr. Co. v. Stein*, 99 N.W.2d 69, 75 (Minn. 1959). If the "actual damages *are* 'incapable or very difficult of accurate estimation,' we then would ask whether the amount of liquidated damages is 'a reasonable forecast of just compensation for the harm that is caused by the breach.'" *Id.* at 120 (quoting *Gorco*, 99 N.W.2d at 74-75). A liquidated-damages clause is unenforceable if the amount of liquidated damages is "not a reasonable forecast of just compensation." *Id.* And "the proponent of a liquidated-damages clause bears the burden of introducing evidence to justify the liquidated-damages clause." *Id.* at 124.

Recognizing that the district court did not have the benefit of *Lagoon*, we only address the homeowners' first argument that the district court erred by construing *Gorco* to put the evidentiary burden on the homeowners.[1] The district court determined the homeowners did not introduce any affirmative evidence that the amount sought by Capital under the liquidated-damages clause was either punitive or an unreasonable forecast of just compensation. The district court determined the liquidated-damages clause enforceable and entered judgment in favor of Capital.

Generally, in a civil lawsuit, the burden of persuasion is on the plaintiff. Minn. R. Evid. 301. Here, the plaintiff is also the proponent of the liquidated-damages clause. The burden of persuasion usually does not shift. *Id.* Therefore, the burden was on Capital to introduce evidence that the liquidated-damages clause was enforceable under Minnesota law, and the district court erred by requiring the homeowners to provide affirmative evidence that the liquidated-damages clause was unenforceable and either punitive or unreasonable.

**A.**

During oral argument, Capital argued that *Lagoon* incorrectly places the evidentiary burden on the proponent of the liquidated-damages clause. Capital argued that a liquidated-damages clause is prima facie valid, so it is illogical that the proponent would

---

[1] The district court and Capital construed *Gorco* to mean that the evidentiary burden was on the homeowners. *See Gorco*, 99 N.W.2d at 74-75 ("this court has long regarded provisions for liquidated damages as prima facie valid"). The district court also cited *Bowles Sub Parcel A, LLC v. Wells Fargo Bank N.A. (In re Bowles Sub Parcel A, LLC)*, 792 F.3d 897, 901-02 (8th Cir. 2015). This case is not binding and also relies on the prima facie language in *Gorco*.

need to present rebuttal evidence. *See Lagoon*, 999 N.W.2d at 119 (noting that liquidated-damages clauses are prima facie valid); *Dean Van Horn Consulting Assocs., Inc. v. Wold*, 395 N.W.2d 405, 407-08 (Minn. App. 1986) (although a liquidated damages clause is prima facie valid, the trial court may hear evidence regarding the reasonableness of the liquidated damages clause).

The prima facie language in *Gorco* does not automatically assign the evidentiary burden to the homeowners. *Gorco* uses prima facie language, while also putting a burden on the party seeking to enforce a liquidated-damages clause. *Gorco*, 99 N.W.2d at 74-75 ("[T]his court has long regarded provisions for liquidated damages as prima facie valid."). *Lagoon* reasoned that *Gorco* puts the evidentiary burden on the proponent of the liquidated-damages clause because *Gorco* states, "'the record is almost devoid of any evidence that would tend to support a conclusion that the sum stipulated for liquidated damages bears any reasonable relation to plaintiff's pecuniary loss.'" *Lagoon*, 999 N.W.2d at 122-23 (quoting *Gorco*, 99 N.W.2d at 76). *Gorco* also states, "[t]he controlling factor, rather than intent, is whether the amount agreed upon is reasonable or unreasonable in light of the contract as a whole, the nature of the damages contemplated, and the surrounding circumstances." 99 N.W.2d at 74.

We also note the prima facie language in *Gorco* stems from a case in which the supreme court addressed the sufficiency of a *pleading* on liquidated damages. *Id.* (citing *Blunt v. Egeland*, 116 N.W. 653 (Minn. 1908)). In *Blunt*, appellant argued the complaint was insufficient because "the stipulated damages are so large and excessive that they cannot be construed otherwise than a penalty, hence not recoverable." 116 N.W. at 654.

5

The *Blunt* court held that the complaint was sufficient, and plaintiff was entitled to recover prima facie the damages stipulated, unless at trial it is determined the amount is a penalty. *Id. Blunt* states, "[w]hether the damages stipulated by the terms of the contract should be treated as penalty can only be determined when issues are framed and the situation and surroundings of the parties are disclosed." *Id.* This is consistent with *Dean Van Horn*, which held that the trial court may hear evidence regarding the reasonableness of a liquidated-damages clause. 395 N.W.2d at 408. "Both parties must have an opportunity to make a record because liquidated damages clauses must be considered in light of all the circumstances." *Id.* Therefore, the prima facie language in *Gorco* is not the only consideration when determining which party has the overall evidentiary burden.

**B.**

Prima facie means "[s]ufficient to establish a fact or raise a presumption unless disproved or rebutted," and "at first sight; on first appearance but subject to further evidence or information." *Black's Law Dictionary* 1441 (11th ed. 2019). Prima facie case means "1. The establishment of a legally required rebuttable presumption. 2. A party's production of enough evidence to allow the fact-trier to infer the fact at issue and rule in the party's favor." *Id.* Minnesota law is "in accord with" the following provision of the Restatement of Contracts:

> 'An agreement, made in advance of breach, fixing the damages therefor, is not enforceable as a contract and does not affect the damages recoverable for the breach, unless
>
> (a) the amount so fixed is a reasonable forecast of just compensation for the harm that is caused by the breach, and

6

> (b)      the harm that is caused by the breach is one that
> is incapable or very difficult of accurate estimation.'

*Gorco*, 99 N.W.2d at 74 (quoting Restatement of Contracts § 339(1) (1932)); *see also*

*Lagoon*, 999 N.W.2d at 119 (citing *Gorco*). Considering the definition of prima facie with

*Lagoon* and *Gorco*, the proponent of the liquidated-damages clause first has the burden of

introducing evidence to allow the trier of fact to conclude that the liquidated-damages

clause is enforceable under Minnesota law. Then, the burden of production shifts to the

opponent to introduce rebuttal evidence that the liquidated-damages clause is

unenforceable. However, this does not shift the proponent's overall burden of persuasion.

Minn. R. Evid. 301.

Here, the district court improperly placed the evidentiary burden on the

homeowners. The district court determined that the homeowners offered no affirmative

evidence and did not meet their evidentiary burden in showing that the liquidated-damages

clause is an unenforceable penalty. The district court did not make any findings of whether

Capital presented sufficient evidence that the liquidated-damages clause is enforceable

under Minnesota law.

Therefore, we reverse the judgment and remand the case for the district court to

apply the correct standard. If the district court determines that the liquidated-damages

clause is unenforceable, the district court shall decide Capital's claim for actual damages.

**Reversed and remanded.**